### WILLIAM CAMERON v. WEBB, HYNDS & CO.

(No. 2862.)

APPEAL from Collin County.    Opinion by HURT, J.'

*(Transferred from Austin.)*

ALEXANDER, WINTER & DICKINSON, counsel for appellant.

No counsel appeared for appellees.

§ **417.** *Privilege to be sued in county of residence; contract to perform obligation in another county; case stated.*    This suit was instituted by appellees against appellant in the county court of Collin county to recover an alleged balance of $609.95 on a contract relating to the sale of wheat. Appellant, being a resident of McLennan county, pleaded in due form his privilege to be sued in said county. Appellees replied to this plea, 1, that appellant had contracted in writing to pay for said wheat in Collin county; and 2, that appellant had practiced a fraud upon appellees in relation to said wheat in said Collin county. The jury found against appellant's plea of privilege, and in favor of appellees for the indebtedness sued for, and judgment was rendered accordingly.

The contract in relation to the sale and purchase of the wheat was made by telegrams and letters, and was in substance as follows: Appellees proposed to appellant, " We will sell you ten cars of wheat F. O. B. at McKinney, Collin county, at sixty-five cents." To which appellant replied: " I will take ten cars F. O. B. at sixty-five cents." *Held:* Such contract is not a contract in writing to pay for the wheat in Collin county, within the meaning of the statute. [R. S. art. 1198, subd. 5.]

The letters F. O. B., used in said contract, signify "Free On Board" the cars at McKinney, Collin county, Texas. Such is the commercial meaning of these letters when used in a commercial transaction. They do not mean a promise to pay for the property bought in the county of the shipment. In this case it was attempted to prove that by a custom of merchants said letters meant that the payment for the goods must be made at the place of shipment. If this evidence was admissible, it failed to establish such a custom; and furthermore, the facts of this case show clearly that in this instance said letters conveyed no such meaning. The plea of privilege should have been sustained as against this answer thereto.

§ 418. *Same; exception in case of fraud.* The attempt to sustain the jurisdiction of the court upon the ground of fraud is unwarranted. The provision of the statute which gives jurisdiction in case of fraud is not applicable in this case. [R. S. art. 1198.] It is only when the principal cause of action is a fraudulent act, or when the main object of the suit is to set aside a fraudulent transaction, that a suit may be maintained in the county of the fraud. Such is not the character of this suit, and the fraud, if any was practiced, did not enter into the cause of action. The court erred in submitting to the jury the issue of fraud with respect to the plea of privilege, as such issue was not properly in the case.

December 5, 1888.          Reversed and remanded.